**LUBAVITCH OF IOWA, INC., and Moishe B. Kasowitz, Appellants,**

v.

**Jack B. WALTERS, Director of General Services of the State of Iowa, and the State of Iowa, Appellees.**

No. 88–1733.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1988.

Decided May 8, 1989.

Paul A. Zoss, Des Moines, Iowa, for appellants.

Gordon E. Allen, Des Moines, Iowa, for appellees.

Before LAY, Chief Judge, and McMILLIAN and FAGG, Circuit Judges.

LAY, Chief Judge.

On December 10, 1986, Rabbi Moishe B. Kasowitz requested and was given permission by Jack Walters, the Director of General Services for the State of Iowa, to erect a twenty-foot tall menorah [1] on the state capitol grounds during the eight day celebration of Hanukkah. A week later Walters revoked permission to leave the menorah standing throughout the eight days. He did so after the attorney general's office advised him that the placement of unattended religious symbols on capitol grounds might violate the establishment clause. Walters allowed Rabbi Kasowitz to conduct the scheduled services and erect a menorah at those times only.

On December 19, 1986, Lubavitch of Iowa [2] and Rabbi Kasowitz (hereinafter jointly referred to as "Lubavitch") filed a complaint against Jack Walters and the State of Iowa in federal district court requesting a temporary restraining order, and preliminary and permanent injunctions prohibiting the rescission of permission to erect the menorah pursuant to the first and fourteenth amendments. The district court denied the motion for preliminary injunction. Lubavitch appealed, and on January 23, 1987, this court affirmed the denial of preliminary injunction. Lubavitch then filed a motion for summary judgment, and the State filed a cross-motion for summary judgment. The district court granted the State's motion and dismissed the complaint, 684 F.Supp. 610 (S.D.Iowa 1988). The district court denied Lubavitch's motion to reconsider. Lubavitch now appeals. We affirm.

Lubavitch concedes that the issue of injunctive relief under the old administrative code rule is now moot. Since the revocation of permission in December 1986, the state legislature has amended the administrative code sections governing the use of capitol grounds. The issues remaining are the constitutional question and Lubavitch's claim for damages and attorneys' fees under the Civil Rights Act. 42 U.S.C. § 1983 (1982). The district court relied upon Iowa Administrative Code § 450–1.6(5) (1987), [3] in holding that the rule would permit the State to prohibit a twenty-four hour maintenance of the menorah during the eight days. The district court found the rule to be a content neutral state policy which allows a "thorough clean-up after the event is concluded." Lubavitch urges, however, that the State did not advance this as a reason at the time of revocation and expressed only establishment clause concerns which were not content neutral in restricting the display of the menorah throughout the entire eight day period of Hanukkah. [4]

---

1. The Hanukkah menorah is a special Jewish candelabrum which displays nine candles.

2. Lubavitch of Iowa is an organization primarily dedicated to educating and uplifting Jewish pride throughout the world.

3. This section reads: "Any state agency or public group granted permission to use the capitol complex facilities shall be responsible for a

thorough cleanup after the event is concluded. All debris and animal waste shall be removed."

4. At least in the author's view, in allowing religious groups equal access to public grounds for religious services the State is granting a questionable privilege to religious groups. A serious question could arise as to whether the State encroaches upon the establishment clause in allowing public religious activities on state capi-

The issue before us is whether in providing equal access the State has unfairly discriminated, albeit on religious grounds, against Lubavitch in revoking permission to leave the menorah standing during the eight days. The record does not disclose that the State has in any way discriminated against Lubavitch by allowing other religious organizations or other religious symbols to remain on state grounds overnight, while not allowing the menorah to stand during the time in question. The State has, aside from its administrative authority, inherent power to require reasonable rules and regulations, formal or informal, as to the time, place and manner in which the state facilities might be used. *Perry Educ. Assoc. v. Perry Local Educators' Assoc.*, 460 U.S. 37, 44, 103 S.Ct. 948, 954, 74 L.Ed.2d 794 (1983). Since the State is simply granting a privilege to use state grounds for a public forum, even though for religious purposes, as long as it does so without discriminating in favor of one group over another there is no showing that the State's action violates the constitution. Even if the State's refusal to allow twenty-four hour use of the grounds was based on establishment clause concerns, this is irrelevant under the circumstances existing here. As Justice White stated in a different context: "The Establishment Clause, however, sets limits only on what the State may do with respect to religious organizations; it does not establish what the State is *required* to do." *Widmar v. Vincent*, 454 U.S. 263, 282, 102 S.Ct. 269, 281, 70 L.Ed.2d 440 (1981) (White, J., dissenting) (emphasis in original).

The Supreme Court has observed:

In addition to time, place, and manner regulations, the State may reserve the forum for its intended purposes, communicative or otherwise, as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view. As we have stated on several occasions, "[t]he State, no less than a private owner of property, has power to preserve the property under its control

for the use to which it is lawfully dedicated."

*Perry Educ. Assoc. v. Perry Local Educators' Assoc.*, 460 U.S. 37, 46, 103 S.Ct. 948, 955, 74 L.Ed.2d 794 (1983) (citation omitted) (quoting *United States Postal Service v. Council of Greenburgh Civic Assocs.*, 453 U.S. 114, 129–30, 101 S.Ct. 2676, 2685, 69 L.Ed.2d 517 (1981); *Greer v. Spock*, 424 U.S. 828, 836, 96 S.Ct. 1211, 1216, 47 L.Ed.2d 505 (1976); *Adderley v. Florida*, 385 U.S. 39, 47, 87 S.Ct. 242, 247, 17 L.Ed.2d 149 (1966)). We find Lubavitch's claim borders on the frivolous. The order of the district court dismissing the complaint is hereby affirmed.

FAGG, Circuit Judge, concurring.

I concur in the opinion with the exception of footnote 4.

tol grounds even under an equal access principle. *See Jager v. Douglas County School Dist.*,

862 F.2d 824 (11th Cir.1989). However, this is not the issue here.